James M. DEWEES, Appellant

v.

Jeffrey T. HASTE;  Mark Templeton;
Dominick DeRose;  Dauphin
County.

No. 09–2804.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) May 20, 2010.

Filed:  July 8, 2010.

Don A. Bailey, Esq., Andrew J. Ostrowski, Esq., Harrisburg, PA, Sheri D. Coover, Esq., Carlisle, PA, for Appellant.

Frank J. Lavery, Jr., Esq., James D. Young, Esq., Lavery, Faherty, Young & Patterson, Harrisburg, PA, for Jeffrey T. Haste, Mark Templeton, Dominick DeRose, Dauphin County.

Before:  FUENTES, HARDIMAN, and
NYGAARD, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Since this opinion is wholly without precedential value, we write solely for the benefit of the parties, who are familiar with the factual and procedural history of this case. The District Court granted summary judgment in favor of the Appellees on all claims. We will affirm.

James DeWees, former Deputy Warden at the Dauphin County Prison, first alleges that the termination of his employment was a retaliatory act in violation of the First Amendment of the United States Constitution. DeWees alleges that Dauphin County and, in their individual capacities, Prison Warden Dominick DeRose, County Commissioner Jeffrey Haste, and Human Resources Director Mark Templeton eliminated his position in retaliation for three acts: DeWees' previous lawsuit against DeRose and Dauphin County; a report DeWees made to the District Attorney about alleged over billing by a prison contractor; and a letter DeWees sent to Haste about alleged misappropriations of prisoners' funds.[1] He further claims that his termination constitutes a wrongful discharge under Pennsylvania law.

DeWees next alleges that the Defendants withheld his final paycheck, in violation of his rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution. Finally, DeWees maintains that the Defendants' roles in terminating his employment constitute civil conspiracy.

On appeal, DeWees argues that the District Court applied the wrong standard of review to his claims, thereby failing to make reasonable inferences of fact in his favor. He also asserts that the District Court made numerous errors of law and fact. We will briefly review each claim.

■ With regard to alleged First Amendment retaliation arising from DeWees' reports of financial issues at the prison, he acknowledges in briefing that such a claim is premised upon a legal determination that the events allegedly giving rise to retaliation were protected speech. We do not find any error in the District Court's legal conclusion that DeWees' reports of alleged improprieties at the prison were not protected speech because they fell within his employment obligations. *Garcetti v. Ceballos,* 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Accordingly, DeWees' First Amendment retaliation claim stemming from these reports clearly failed as a matter of law.

■ The District Court did find that DeWees provided sufficient, albeit paltry, evidence to make out a prima facie case that the elimination of his position was in retaliation for his earlier lawsuit against DeRose and Dauphin County.[2] Yet, the District Court ruled that the record did not support any reasonable inference that either Templeton or DeRose had any personal involvement in the Dauphin County Salary Board's decision to cut DeWees' position: a requisite for asserting a civil rights claim. With regard to Haste, the District Court held that, as a member of

---

1. The District Court noted that DeWees' complaint appeared to raise both individual and official capacity claims against DeRose, Haste, and Templeton. It dismissed the official capacity claims as duplicative of the claim against Dauphin County. DeWees does not challenge the District Court's finding.

2. In addition, the District Court concluded that it "cannot say that Defendants have satisfied their substantial burden of proving a non-retaliatory basis was the but-for cause of Plaintiff's loss of his job and that no reasonable juror could conclude otherwise." *DeWees v. Haste,* 620 F.Supp.2d 625, 634 (M.D.Pa. 2009).

the Dauphin County Salary Board, his vote to eliminate the Deputy Warden position was a legislative act that entitles Haste to absolute immunity. On these bases, as to DeWees' First Amendment retaliation claims arising from the lawsuit, the District Court granted summary judgment in favor of all of the Defendants. Upon our own review, we agree with the District Court.[3]

■ DeWees next asserts Fourteenth Amendment equal protection and due process claims emanating from his allegation that the Defendants unjustly withheld his last paycheck.[4] The Defendants respond that the check was properly kept back pending DeWees' compliance with instructions to return items regarded as prison property. While noting a possible factual dispute over whether certain items were actually returned, the District Court ruled that DeWees' allegation simply does not support a claim of a Fourteenth Amendment due process violation because the conduct in question plainly does not shock the conscience, which is necessary to sustain such a claim. We agree.

Regarding DeWees' civil conspiracy claim, the District Court found that the utter absence of any direct evidence that the Defendants had any joint plan to treat DeWees unjustly necessitated a dismissal of this claim. Again, upon our own review, we agree.

DeWees' final claim is, essentially, that the same facts grounding his First Amendment retaliation claims also support an allegation of wrongful discharge under Pennsylvania law. The District Court found that Dauphin County had governmental immunity from the wrongful discharge suit. It also granted summary judgment on this claim in favor of Templeton and DeRose because of the complete absence of record evidence linking them to the Salary Board's vote to eliminate DeWees' position. Finally, as to defendant Haste, the District Court dismissed the wrongful discharge claim against him because, according to Pennsylvania decisional law, a single commissioner cannot be held liable for the actions of an entire board. We do not find any error in these holdings.

For all of these reasons, we will affirm the order of the District Court granting summary judgment in favor of the Defendants.

3. DeWees attempted, at the time of summary judgment, to construe his allegation that Templeton withheld his paycheck as another instance of First Amendment retaliation. The District Court ruled that characterizing this allegation in this manner was inconsistent with DeWees' complaint, and it refused to consider this claim in its First Amendment analysis. While DeWees attempts to make the same argument on appeal, he does not challenge the District Court's conclusion that, in his complaint, the paycheck allegation relates only to his assertion of Fourteenth

Amendment violations. For this reason, we reviewed it only within the context of DeWees' Fourteenth Amendment claim.

4. DeWees alludes to an equal protection violation in his appellate brief, but he does not challenge the District Court's reasoning that the "class-of-one" theory he asserted is not available in this context to ground an equal protection claim. We, therefore, regard an appeal of DeWees' equal protection claim as waived.